(173 App. Div. 537)

### TIEDEMAN v. TIEDEMAN.

(Supreme Court, Appellate Division, Second Department. June 29, 1916.)

BAIL ☞17—ACTIONS FOR SEPARATION—ARREST—REFUND OF DEPOSIT.

Under Code Civ. Proc. § 585, providing that, in case money is deposited for release of defendant from arrest and final judgment is in his favor, it must be refunded, where defendant husband in separation action deposited money for release, he was entitled to refund when final judgment ran in his favor.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 49–51; Dec. Dig. ☞17.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, Kings County.

Suit by Lillian Mae Tiedeman against William Carl Tiedeman. From an order denying application for refund of a deposit, defendant appeals. Reversed, and application granted.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and PUTNAM, JJ.

Adolphus D. Pape, of New York City, for appellant.

J. T. Goldberg, of New York City, for respondent.

STAPLETON, J.  A wife sued her husband for a separation. She procured an order of arrest granted by the court. The order was executed. The defendant deposited with the sheriff the sum specified in the order and was thereupon discharged. The sheriff paid the deposit into court. Final judgment for the defendant was rendered. The defendant applied for an order refunding the deposit. His application was denied. The Code provision is plain:

"If the final judgment is for the defendant, * * * the sum deposited, and remaining unapplied, must be refunded to the defendant or his representative." Section 585, Code of Civil Procedure.

The plaintiff's attorney deposes she instructed him to appeal from the judgment. The circumstance that she did appeal would be immaterial. The final judgment contemplated by the Code section cited has been rendered. See Wilson v. Ryder, 11 N. Y. St. Rep. 279.

The order should be reversed, and the application granted.

Order reversed, without costs, and application granted. All concur.