Frederick Backer, J.
Plaintiff husband moves for an order directing that the sum of $500 given by him as a deposit, instead of bail, under an order of arrest granted in this action against him on November 4, 1959, and paid to the Sheriff of the City of New York, pursuant to said order, be refunded to him, with interest thereon less any deductible fees.
The history of this litigation has been a varied and contentious one. Plaintiff sued his wife for a separation. She counterclaimed for the same relief. Upon her motion for temporary alimony and counsel fees, plaintiff responded by request to discontinue his action upon the ground that he was about .to leave this State and would no longer be a resident of the State of New York. Upon his averments as to his departure, the court permitted discontinuance of his action but continued defendant’s counterclaim for separation and awarded her alimony at the rate of $25 per week. There is a child of the marriage. Immediately thereafter, defendant, upon the averments made by plaintiff in respect of his intended departure, obtained an order of arrest against him on November 4, 1959. Said order of arrest required the Sheriff to hold plaintiff to bail in the sum of $500 ‘1 to the effect that he will obey the direction of the court or of an Appellate Court contained in an order or judgment requiring him to perform the act above specified (payment of alimony), or, in default of so doing, that he mil, at all times, render himself amenable to proceedings to punish him for the omission”. (Emphasis mine.)
The litigation finally terminated in a judgment of separation in favor of the defendant. Plaintiff, because he feels he is paid up-to-date has now moved for return of his cash deposit as surplus. I find no merit in this application. It appears that his payments of alimony have not been timely and, moreover, it affirmatively appears that he is not a resident of the State of New York nor is he in the United States. His work takes him to various foreign countries and there is no reasonable expectancy of his return to this jurisdiction so that he would be amenable to our court in the event defendant seeks further relief upon his' default in making the required alimony payments. The affidavit hereon is not made by plaintiff but by an attorney associated with plaintiff’s attorneys. The fact that judgment has been entered does not mean that the deposit requirement under the order of arrest falls. In Mazer v. Mazer (301 N. Y. 774) it was held that an order of temporary alimony *222 and the enforcement orders of sequestration, contempt and commitment made during the pendency of the action did not fall upon the entry of a final decree. Here, because of the non-residence of the plaintiff husband and unlikelihood of his return here, defendant is entitled to the protection of the amount of the deposit on hand, in the event of default in payments by plaintiff. The case of Tiedeman v. Tiedeman (173 App. Div. 537) cited by plaintiff is inapplicable for there the husband was the successful party in the action and, therefore, the statute (Civ. Prac. Act, § 859) is mandatory where he is the successful party. Here the wife was the successful party. The statute is, therefore, not applicable. The motion is denied.